BRENNAN, J.
¶1 Marco A. Lopez, Sr. appeals a judgment of conviction, entered on a jury verdict, for four counts of first-degree sexual assault of a child. The charges related to two relatives of Lopez who had been children at the time of the assaults. Lopez argues that he is entitled to a new trial because the trial court erroneously exercised its discretion when it permitted the State to present other acts evidence from two witnesses, also relatives of Lopez, who testified that they had been molested by Lopez when they were under the age of thirteen. We conclude that the trial court properly exercised its discretion in permitting the other acts evidence because the evidence satisfied the Sullivan[1] test and its probative value was not outweighed by the danger of unfair prejudice. We therefore affirm.
BACKGROUND
¶2 The charges involved two victims, M. and O., who are relatives of Lopez. Counts one and two alleged multiple acts of penis-to-mouth and penis-to-anus intercourse with M. that occurred over a period of approximately six years, starting when M. was five years old. The complaint alleged that Lopez told M. that if he told anyone about the assaults, Lopez would kill his mother. Counts three and four alleged multiple acts of mouth-to-vagina intercourse with O. that occurred over a period of approximately six years, starting when she was seven years old.
¶3 Prior to trial, the State brought a motion seeking to introduce evidence of other acts by Lopez. The proffered other acts evidence was testimony by T., another relative of Lopez's, that from approximately 1976 through 1983, from the time she was five until she was twelve, Lopez molested her frequently and threatened to kill her if she told anyone. T. ultimately reported the assaults, and Lopez was charged and tried. The case ended in a mistrial. Unable to proceed with a second trial, the State instead offered a prosecution agreement, and the case resolved without a conviction.
¶4 The State's motion argued that the other acts evidence from T. would be used to show two things: (1) that the motive for the assaults was sexual gratification and (2) that there was a "concurrence of common elements" between the incidents with M. and O. and the incidents with T. that would establish a plan. It suggested that the danger of unfair prejudice could be limited by admitting the evidence of the prior prosecution "in the form of a stipulation rather than through testimony" and by the use of a limiting jury instruction.
¶5 At a motion hearing,[2] the State argued that the testimony would be
offered to the Court for an acceptable purpose, motive and plan, very relevant in terms of the similarity of the defendant's conduct, the age of the victim he's choosing and then the way that he manipulates his victim into keeping this secret for a very long time under a great deal of duress and fear.
The additional witness would show the jury "how [Lopez] chooses the victims, how he threatens them to keep their secret, and then how he abuses them with a similar pattern[.]" Lopez's trial counsel argued that the other acts evidence would be "highly prejudicial," that he "[didn't] think that the State needs to have more than two" witnesses testifying about assaults by Lopez during their childhoods, and that the additional evidence was the State improperly "trying to pile on[.]"
¶6 The trial court focused on the second basis offered by the State and compared the similarities between the charged acts and the proffered testimony. The trial court noted that "there seems to be great similarities with all of the matters in the current complaints," including that the victims were relatives, were of similar ages, and were similarly threatened. The court concluded that the other acts evidence was offered for a permissible purpose, to show motive and plan, and that the evidence was relevant because it would tend to "lend more credence" to the allegations of the two victims in the case. The court turned to the weighing of the probative value versus the prejudicial value, and concluded that it "certainly" had probative value and that it was prejudicial, but not unfairly prejudicial to Lopez. The trial court directed the State to draw up the appropriate instruction for the jury.
¶7 The State later filed a second motion to admit other acts evidence. The evidence proffered in this motion was testimony by S., another relative of Lopez who alleged that Lopez had molested her over a period of years until she turned twelve years old. As with the first motion, the State offered the evidence for the purposes of motive and plan, noting, as to plan, that the proffered evidence showed "the defendant's continuous pattern of behavior," which was that he "took advantage of very young children, with whom he shared a family relationship, for his own sexual gratification, over a period of several years." Trial counsel filed a response opposing the admission of the evidence. There was no explicit ruling on this motion.[3]
¶8 At trial, each victim of the charged crimes testified to the facts of the sexual assaults. The two additional witnesses, T. and S., also testified that they were assaulted by Lopez over a period of years when they were under twelve years of age. Although the State had suggested in its first motion that the evidence of the prior prosecution could come in as a stipulation, no stipulations were entered at trial on this issue.
¶9 Lopez testified. He denied the charges and testified that the four witnesses who said he had molested them as children were lying.
¶10 The jury was instructed on all of the elements of sexual assault, including intent for sexual gratification, and that it could consider the other acts evidence "only on the issues of motive and preparation and/or plan." The jury was instructed that it could not consider the evidence as proof that "the defendant has a certain character ... and that the defendant acted in conformity with that ... character with respect to the offense charged in this case."
DISCUSSION
Standard of review and governing law.
¶11 "A trial court's decision to admit evidence is discretionary, and this court will uphold that decision if there was a proper exercise of discretion." State v. Manuel , 2005 WI 75, ¶24, 281 Wis. 2d 554, 697 N.W.2d 811. "When reviewing an evidentiary decision, 'the question on appeal is not whether this court, ruling initially on ... the evidence, would have permitted it to come in, but whether the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record.' " Id. (citation omitted). "A proper exercise of discretion requires that the trial court rely on facts of record, the applicable law, and, using a demonstrable rational process, reach a reasonable decision." Id.
¶12 "In Wisconsin the admissibility of other acts evidence is governed by WIS. STAT . §§ (Rule) 904.04(2) and 904.03." State v. Sullivan , 216 Wis. 2d 768, 781, 576 N.W.2d 30 (1998). Other acts evidence "is not admissible to prove the character of a person in order to show that he acted in conformity" with that character. See WIS. STAT. § 904.04(2)(a) (2017-18).[4] But other acts evidence may be admitted to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.
¶13 To determine whether other acts evidence should be admitted, courts employ a three-step analysis. Sullivan , 216 Wis. 2d at 783. Courts ask first whether the evidence is offered for a permissible purpose under WIS. STAT. § 904.04(2) and next whether the evidence is relevant under WIS. STAT . § 904.01. See Sullivan , 216 Wis. 2d at 783-89. The party seeking to admit the other acts evidence has the burden to establish that these first two prongs of the Sullivan test are met by a preponderance of the evidence. See State v. Marinez , 2011 WI 12, ¶19, 331 Wis. 2d 568, 797 N.W.2d 399.
¶14 Once the moving party has established the first two prongs, the burden shifts to the opposing party to establish that the probative value of the evidence is substantially outweighed by unfair prejudice. See id . "The evidence's probative value 'largely turns on the relevancy analysis' from step two under Sullivan ." State v. Payano , 2009 WI 86, ¶81, 320 Wis. 2d 348, 768 N.W.2d 832 (citation omitted). "Essentially, probative value reflects the evidence's degree of relevance. Evidence that is highly relevant has great probative value, whereas evidence that is only slightly relevant has low probative value." Id . "The main consideration in assessing probative value of other acts evidence 'is the extent to which the proffered proposition is in substantial dispute'; in other words, 'how badly needed is the other act evidence?' " Id. (citation omitted).
¶15 "This is the general framework that governs the admissibility of other crimes evidence in all Wisconsin cases." State v. Davidson , 2000 WI 91, ¶36, 236 Wis. 2d 537, 613 N.W.2d 606. "However, alongside this general framework, there also exists in Wisconsin law the longstanding principle that in sexual assault cases, particularly cases that involve sexual assault of a child, courts permit a 'greater latitude of proof as to other like occurrences.' " Id. (citation omitted). "In sexual assault cases, especially those involving assaults against children, the greater latitude rule applies to the entire analysis of whether evidence of a defendant's other crimes was properly admitted at trial." Id. , ¶51 (emphasis added). "The effect of the rule is to permit the more liberal admission of other crimes evidence in sex crime cases in which the victim is a child." Id.
The trial court did not erroneously exercise its discretion in admitting the other acts evidence because its probative value for establishing a plan outweighed its prejudice.
¶16 Lopez concedes that the first two steps of the Sullivan test are satisfied. He concedes that the evidence was offered for a permissible purpose and is relevant. He argues that the trial court incorrectly weighed the evidence's probative value against the danger of unfair prejudice and erroneously concluded that the evidence was admissible.
¶17 He argues that Payano requires courts to assess the probative value of evidence by asking "the extent to which the proffered proposition is in substantial dispute." And he argues that under that test, the proffered proposition here-that Lopez did the charged acts with the intent of sexual gratification-was not in dispute at all. He cites to the State's argument in its motion that one purpose for which the evidence was offered was to prove that Lopez's motive was sexual arousal or gratification. He argues that evidence tending to prove the sexual gratification element would be admissible only if he had admitted to touching the children but denied doing it for sexual gratification, and he argues that was not the case here: "Lopez did not admit that what [the witnesses] said was true[ ] but claim that he was doing something other than seeking sexual gratification." In other words, he denied the acts entirely. He therefore argues that there was no need for the State to put on other acts evidence to show a motive of sexual gratification.
¶18 There are three problems with Lopez's argument. First, the State must prove all of the elements, including intent for sexual gratification, and has the discretion on how to do so. See Old Chief v. United States , 519 U.S. 172, 186-87 (1997) (restating the rule that "the prosecution is entitled to prove its case by evidence of its own choice"). "[T]he State is required to prove all elements of the crime beyond a reasonable doubt even if an element is not disputed." State v. Veach , 2002 WI 110, ¶77, 255 Wis. 2d 390, 648 N.W.2d 447. "Evidence relevant to any element is admissible even if the element is undisputed." Id. Second, the record shows that the sexual gratification element was not the basis for the trial court's decision granting admission of the evidence. Although the State argued that intent for sexual gratification was part of the similarity shared by the charged offenses and other acts,[5] the trial court based its ruling on the similarities of the crimes as proof of a plan, not on the proposition that the evidence supported a motive of sexual gratification.
¶19 The trial court, in ruling on the admissibility of the evidence, compared the "great similarities" between the charged offenses and the other acts evidence proffered, namely the ages of the children, the similarity of the sex acts, the fact that they were relatives, the location of the assaults in the home, and the threat to kill the victim's mother. As to relevance, it stated, "With all those similarities, the question is whether that would be relevant, and I think it certainly would be relevant particularly in terms of young children that have a tendency not to be believed with things that are happening[.]" The court concluded that "the other acts would lend more credence to the statements of the two children in this case and it's more likely than not that the activities they're talking about occurred in light of the other acts evidence."
¶20 The third problem with Lopez's argument is that it misperceives what "the proffered proposition" was, and thus the extent to which it was "in substantial dispute." See Payano , 320 Wis. 2d 348, ¶81 ("The main consideration in assessing probative value of other acts evidence 'is the extent to which the proffered proposition is in substantial dispute[.]' "). The proffered proposition was not that Lopez derived sexual gratification from the acts but that Lopez abused two young children who were related to him over a period of years and coerced the silence of one of them by threatening to kill the child's mother. In his testimony, Lopez denied every aspect of this proposition. It was therefore in substantial dispute. In addition, the greater latitude rule applies in this case, and its purpose is to ensure "the more liberal admission of other crimes evidence in sex crime cases in which the victim is a child." See Davidson , 236 Wis. 2d 537, ¶51.
¶21 Lopez concedes that the trial court relied on facts of record and applied the correct law. We conclude that in ruling on the other acts evidence, the trial court did "rely on facts of record, the applicable law, and, using a demonstrable rational process, reach a reasonable decision." Manuel , 281 Wis. 2d 554, ¶24. It therefore properly exercised its discretion. Lopez is not entitled to a new trial. We affirm the conviction.
By the Court. -Judgment affirmed.
Not recommended for publication in the official reports.

State v. Sullivan , 216 Wis. 2d 768, 781, 576 N.W.2d 30 (1998).

The Honorable Daniel L. Konkol presided over the motion hearing.

After the trial court ruled on the State's first other acts motion, the case was transferred due to judicial rotation on August 3, 2015. The State then filed its second other acts motion, and Lopez filed an objection. The case was judicially transferred again on April 25, 2016, for jury trial. The evidence at issue in the second motion was admitted at trial even though there was no formal ruling on the second motion. The parties agree that this court should "assume that, since the court admitted the evidence, the court's ruling on the second set of other acts evidence would have been the same as on the first set of other acts evidence."

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The State's motion stated, "The State also seeks to admit the proffered other acts evidence to establish the Defendant's plan or scheme," and it noted that the incidents that T. reported bore "striking similarities" to the ones alleged by M. and O.